## SPURWAY v. FRICK CO., Inc.
### No. 6771.

Circuit Court of Appeals, Fifth Circuit.
March 9, 1933.

Charles R. Pierce, of Miami, Fla., for appellant.

M. Earl Baum, of Coconut Grove, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee wrote the City National Bank in Miami: "We enclose for collection our No. 3172 for $350.71. Proceeds may be remitted by cashier's check, certificate of deposit, or New York, Philadelphia or Chicago exchange." The bank on December 15 collected the note by taking a check on itself from the maker, one of its customers. On December 18, as directed in appellee's forwarding letter, it remitted by New York exchange on the Chemical Bank & Trust Company of New York. This draft was by the Chemical Bank refused when presented, on the ground that the Miami Bank had failed.

In the court below appellee prevailed upon its contention that the bank collected the note and held the proceeds as its agent, and that City of Miami v. First Nat. Bank of St. Petersburg (C. C. A.) 58 F.(2d) 561, was authority for the holding that appellee could fix a trust upon the moneys of the bank in the hands of the receiver.

Appellant brings the case here, insisting that by directing the bank to remit "by cashier's check, certificate of deposit or exchange" appellee agreed that the collection made, the bank should hold the proceeds not as trustee, but as debtor, and that it would accept in payment the paper of the bank.

We think it cannot be doubted that appellant is right. To hold otherwise would be to ignore the express agreement for a debtor-creditor relation in order to imply one just the contrary. The question whether a trust arises as the result of the collection by a bank of a check on itself, discussed in the City of Miami Case, is without significance here. Appellee did not, as the city of Miami did in the case relied on, or as those others did in the cases where the collection was made from outside the collecting bank, as in Larabee Flour Mills v. First National Bank (C. C. A.) 13 F.(2d) 330, send its item for collection and remittance without more. Here the sender expressly agreed to take the credit of the bank and accept the bank's paper for the proceeds. The fact that the paper proved uncollectible cannot serve to convert a debtor-creditor relation voluntarily assumed into a relation of trust. Appellee has of course the right, payment of the draft having been refused, to look to the general funds of the bank for payment, but "the only consequence is that its status as a creditor is unaffected, and it is entitled only to share in the funds of the bank on an equal footing with other creditors who similarly are the victims of its insolvency." Blakey v. Brinson, 286 U. S. 254, 263, 52 S. Ct. 516, 76 L. Ed. 1089.

The judgment is reversed, and the cause remanded, with directions to dismiss the bill without prejudice to appellee's right to prove as a general creditor.